Filed 1/20/23 P. v. Savala CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C096006 |
| Plaintiff and Respondent, | (Super. Ct. No. CR63277) |
| v. | |
| PHILLIP CHARLES SAVALA, | |
| Defendant and Appellant. | |

Defendant Phillip Charles Savala pled no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1] The trial court sentenced him to the upper term of four years. On appeal, defendant challenges the upper-term sentence based on recent legislative enactments. We agree and will vacate the judgment and remand for resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

1

## I. BACKGROUND

The facts underlying defendant's offense are immaterial to our disposition. It suffices to say that while running from a law enforcement officer, defendant broke into a family's backyard and fought with one of the family members. During the fight, defendant drew a knife and threatened to stab two of the family members.

Defendant was charged with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), one count of making criminal threats (§ 422), and one count of misdemeanor criminal trespass (§ 602, subd. (m)). Defendant pled no contest to one count of assault with a deadly weapon and the remaining charges were dismissed on the People's motion.

A presentence probation report filed on January 4, 2022, delineated defendant's criminal history as reflecting four prior felony convictions, at least two of which were serious or violent felonies, and that defendant was on probation at the time he committed this offense. The narrative portion of the probation report, states defendant had five prior felony convictions and that he was on parole at the time of the offense. The probation report recommended defendant be sentenced to the aggravated term. Approximately one month later, defendant filed a statement in mitigation claiming his mental state was compromised at the time of the offense due to alcohol and substance abuse issues. In the statement in mitigation, defendant acknowledged the probation report contained "a fair and accurate accounting of his criminal and social history" and did "not dispute his history of criminal activity and his failures, both on probation and his prior attempt at treatment." At the February 7, 2022 sentencing hearing, relying on the probation report's assertion that defendant's had five prior felony convictions and was on parole at the time of the commission of the offense, the trial court sentenced defendant to the aggravated term of four years. The court also awarded presentence custody credits and imposed various fines and fees.

## II. DISCUSSION

Defendant contends his sentence must be reversed and the matter remanded for resentencing in light of the legislative changes brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3; Senate Bill 567). The People counter defendant forfeited this argument by not raising it at his February 7, 2022 sentencing hearing. In response, defendant argues if we find his claim forfeited, counsel was ineffective for failing to object. The People agree that in the absence of a finding of forfeiture, remand for resentencing is appropriate. In light of defendant's claim of ineffective assistance of counsel, we will exercise our discretion to reach the merits. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [an appellate court has authority to reach a forfeited claim]; *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing court may exercise discretion to consider forfeited claims to forestall ineffective assistance of counsel arguments].)

As relevant here, effective January 1, 2022, Senate Bill 567 generally limits the trial court's ability to impose the upper-term sentence unless aggravating circumstances that justify the imposition of a term in excess of the middle term: (1) have been stipulated to by the defendant; (2) are found true beyond a reasonable doubt by a jury or the judge in a court trial; or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3).) If the aggravating circumstances that justify the imposition of an upper term are appropriately proven, the court retains discretion to impose an upper-term sentence. (§ 1170, subd. (b)(1)-(2).)

Defendant did not stipulate to the underlying facts supporting the aggravating factors, neither a jury nor a judge found the underlying facts true beyond a reasonable doubt, and defendant's record of prior convictions was not established by certified records. We agree with the parties that the trial court, by relying on circumstances in aggravation that were not stipulated to, found true by a jury, or proven by certified

3

records, imposed defendant's upper term sentence in a manner that does not comply with amended section 1170, subdivision (b).

In imposing the upper term, the trial court relied on the probation report's description of defendant's criminal history, but the probation report was internally inconsistent and contained discrepancies as to that criminal history. Further, "[i]f the record is insufficient to support a trial court's findings about a defendant's criminal history, we will not presume the existence of extra-record materials, however likely they are to exist, to address this insufficiency." (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1115, fn. 6.) Given the trial court's improper reliance on the information contained only in the probation report and the People's concession that remand is appropriate, we will remand the matter for a full resentencing.

### III. DISPOSITION

The convictions are affirmed. The sentence is vacated and the matter is remanded for full resentencing.

/S/

RENNER, Acting P.J.

We concur:

/S/

EARL, J.

/S/

HOCH, J.*

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4